UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD BRANTMAN, JR.,

Petitioner,

v.

ERIC RARDIN,

Respondent.
______________________________/

Case No. 2:25-cv-13535

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DISMISSING**
**PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, Donald Brantman, Jr., is a federal prisoner incarcerated at the Federal Correctional Institution in Milan, Michigan (FCI Milan). ECF No. 1, PageID.1. Brantman petitioned for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, and argued that he is entitled to be released to pre-release custody under the First Step Act and the Second Chance Act. ECF No. 1. Respondent opposed the petition and argued, in part, that the Court should dismiss the case because Brantman failed to exhaust his administrative remedies. ECF No. 6, PageID.21–25. For the following reasons, the Court will dismiss the petition without prejudice.

**BACKGROUND**

In 2008, Brantman was convicted in the United States District Court for the Northern District of Texas of travel with intent to engage in sexual acts with a minor and committing an enumerated felony involving a minor while being registered as a sex offender. *Id.* at PageID.19–20. He was sentenced to 168 months on Count 1 and

120 months on Count 2, to run consecutively, followed by supervised release for life. *Id.* In 2010, on the Government's motion, Brantman's aggregate sentence was reduced to 250 months. *Id.*

## LEGAL STANDARD

A federal habeas corpus petitioner is required to exhaust his administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2241. *See Luedtke v. Berkebile,* 704 F.3d 465, 466 (6th Cir. 2013) (citing *Fazzini v. Ne. Ohio Corr. Center,* 473 F.3d 229, 231 (6th Cir. 2006)). The failure to exhaust administrative remedies is an affirmative defense that the respondent is required to prove. *See e.g. Luedtke,* 704 F.3d at 466.

## DISCUSSION

Here, Brantman failed to exhaust his administrative remedies prior to filing the instant petition. The Bureau of Prisons maintains an Administrative Remedy Program which allows an inmate to seek formal review of any issue relating to the inmate's confinement. 28 C.F.R. § 542.10(a). The Bureau's regulatory regime for prisoner grievances consists of four tiers: (1) informal resolution with a staff member; (2) a grievance submitted to the Warden on a "BP–9" form; (3) an appeal to the Regional Director on a "BP–10" form within twenty days of the date the Warden signed the response to the grievance; and (4) an appeal to the General Counsel of the Central Office on a "BP–11" form within thirty days of the date the Regional Director signed the response to the appeal. *Risher v. Lappin*, 639 F.3d 236, 238–39 (6th Cir. 2011) (citing 28 C.F.R. §§ 542.13–15).

Although Brantman started the administrative process, he did not complete it. ECF No. 6-4, PageID.53, 77–80. On October 6, 2025, the BOP received Mr. Brantman's BP-9 grievance request to the Warden, but that request was rejected because Brantman did not first attempt an informal resolution of his claim. *Id.* Brantman filed a Regional Appeal with the Regional Office pursuant to BP-10 on October 23, 2025, but the BOP rejected the BP-10 appeal for the same reason as Brantman's BP-9 grievance: he failed to attempt an informal resolution of his claim. *Id.* Brantman did not attempt to begin the exhaustion process anew by first initiating an informal resolution at the BP-8 level, nor did he ever appeal the denial of his BP-9 or BP-10 requests by filing a BP-11 appeal with the Office of General Counsel.

Brantman's claim is unexhausted because he failed to first file a BP-8 request to informally resolve the sentencing credits issue. Indeed, the BOP rejected his BP-9 request to the Warden and his BP-10 regional appeal because Brantman had first failed to informally resolve the issue. *See Gray v. United States*, 556 F. Supp. 3d 832, 850–51 (W.D. Tenn. 2021). Brantman also never attempted to refile his grievance by first seeking informal resolution of his claim at the BP-8 level even though the Regional Office had advised him to do so when rejecting his BP-10 appeal. Brantman therefore abandoned his claim without fully exhausting the administrative remedy process. *See id.* at 851.

Last, although there is a futility exception to the exhaustion requirement, *see Fazzini,* 473 F.3d at 236 (citing *Aron v. LaManna,* 4 F. App'x 232, 233 (6th Cir. 2001)), Brantman failed to show that it would be futile to exhaust his claim. Accordingly, he

failed to exhaust his available administrative remedies. The Court will dismiss the petition without prejudice. *See, e.g., Gates-Bey v. U.S. Parole Comm'n,* 9 F. App'x 308, 310 (6th Cir. 2001).

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that that the Petition for Writ of Habeas Corpus is **DISMISSED WIHOUT PREJUDICE.**

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 1, 2026